IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-60807
_____


WILLIAM F. HANKINS,

Plaintiff-Appellee,

versus

DATAPLEX CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(3:93-CV-16-BN)
_____

December 22, 1995

Before REYNALDO G. GARZA, JOLLY, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Dataplex Corporation appeals an adverse judgment on a jury verdict in favor of William Hankins, who sued Dataplex for age discrimination. The jury returned a verdict finding discrimination and a willful violation of the Age Discrimination in Employment Act, and the trial court denied Dataplex's motions for judgment as a matter of law and remittitur of damages. We affirm the finding

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

of age discrimination, but REVERSE the finding of willfulness, and reduce the damages awarded by $205,480.50.

I

A

Dataplex first challenges the sufficiency of the evidence to support a finding of age discrimination. We review the district court's denial of a motion for a judgment as a matter of law in an age discrimination suit "with the duty of determining whether, upon the record, a reasonable trier of fact could conclude that age was a determinative factor in the action complained of." Atkin v. Lincoln Property Co., 991 F.2d 268, 270 (5th Cir. 1993) (quoting Hansard v. Pepsi-Cola Metro. Bottling Co., Inc., 865 F.2d 1461, 1465 (5th Cir.), cert. denied, 493 U.S. 842, 110 S.Ct. 129 (1989)). Because the case was fully tried on the merits, we "need not address the sufficiency of [the plaintiff's] prima facie case, and may instead proceed directly to the ultimate question whether [the plaintiff] has produced sufficient evidence for a jury to find that discrimination has occurred." Atkin, 991 F.2d at 271. We focus on the record as a whole to determine the sufficiency of the evidence. Purcell v. Sequin State Bank, 999 F.2d 950, 957 (5th Cir. 1993).

Viewed in the light most favorable to the jury verdict, we find sufficient evidence to support Hankins's ADEA claim. Hankins provided statistical evidence--albeit weak and controverted--in support of his attempt to show a pattern of discharging employees within the protected age group. He also testified that Dataplex's

-2-

president had told him that Dataplex needed a "younger and more aggressive sales force." Finally, he submitted proof that he was replaced by a younger employee at a higher salary when, Hankins alleges, the supposed justification for his termination was as a cost-saving measure.

We will only set aside a jury finding of age discrimination where "`the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict.'" Atkin, 991 F.2d at 270. Although it is clear that neither Hankins's statistical evidence nor the evidence of discriminatory statements, standing alone, was sufficient to support his age discrimination claim, we conclude that such evidence, taken together and in the context of the whole record, allowed a jury to determine that unlawful discrimination was a motivating factor in Hankins's discharge. We therefore must affirm the jury's finding of age discrimination, as well as the award of compensatory damages.[1]

B

Mindful that a simple finding of an ADEA violation does not necessarily warrant a finding of willfulness so as to merit

---

[1]Dataplex also asks this court to set aside the damages awarded as back pay as plainly excessive, because they included a $50,000 bonus payment to Hankins "that was speculative and unsupported by the evidence, and because they were incorrectly calculated on a pre-tax basis." After reviewing the record, we find support for the award in the record and, finding no merit in Dataplex's argument on this issue, we will not disturb the damages awarded as backpay.

liquidated damages,[2] we find insufficient evidence to support the jury's finding of a willful violation of the ADEA in this case. The record demonstrates that Hankins did not prove that Dataplex had a policy of discrimination against its older employees. Even though a jury may impose liquidated damages for a willful ADEA violation "where age has entered into the employment decision on an ad hoc, informal basis rather than through a formal policy," Hazen Paper Co. v. Biggins, ___ U.S. ___, 113 S.Ct. 1701, 1709 (1993), the employee must still prove "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Id. at 1708 (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 1681 (1988)).

Our review of the record does not uncover proof of knowledge or reckless disregard by Dataplex for whether its conduct was prohibited by the ADEA. We instead find that the statistical evidence alone in this case would not have supported a finding of discrimination; that Dataplex employed people in positions similar to Hankins's in their sixties, seventies and even eighties; that a majority of the company's work staff is over fifty-five; and that the incriminating remarks made to the plaintiff in this case were made by an individual in the company who did not actually fire him. While we can conclude--even if with some difficulty--that a

---

[2]See Hazen Paper Co. v. Biggins, ___ U.S. ___, ___, 113 S.Ct. 1701, 1708 (1993) (observing that Congress intended to create a "two-tiered liability scheme," under which some, but not all, ADEA violations would give rise to liquidated damages).

reasonable juror could decide that age entered into the decision of one of Dataplex's managers "as an undisclosed factor motivating the employer on an ad hoc basis," we find that Hankins adduced no proof amounting to reckless disregard for the ADEA by Dataplex. Consequently, Hankins failed to prove a willful violation of the ADEA, and we therefore reduce the damages by $205,480.50, the amount of the award representing liquidated damages.

## II

For the reasons stated above, we AFFIRM the award of damages based on a finding of age discrimination, and REVERSE the award of liquidated damages based on a finding of a willful violation of the ADEA.

AFFIRMED in part and REVERSED in part.